Caria, per
Evans, J.
In this case, both parties, by consent, were sworn, and all the evidence which the case admitted of, was before the jury, and passed on by them ; so that the only matter to which this court has directed its attention, has been the alleged error in the Recorder’s charge to the jury, “that the promise to accept, if they believed it to have been made, did not amount to an acceptance.” If this was error, then a new trial must be ordered. A parol acceptance, it is conceded, is binding. Every bill is prima facie drawn on funds of the drawer’s, in the hands' of the drawee, and when accepted, the acceptance operates as a transfer of the funds to the payee ; the drawee then becomes a holder of the money to the use of the payee. The contract is executed, and the statute of frauds does not apply; but a verbal promise to accept is an executory contract. In the case of Townly vs. Sumral, 2 Pet. 170, it was decided, that “ if a person undertakes, that if another will purchase an existing bill, or one to be drawn thereafter, and as an inducement to the purchase, to accept the bill, the promise is binding in favor of one who purchased on the faith and credit of such promise, fora sufficient consideration.” The purchaser of the bill pays the money upon the faith of the promise, and is entitled to claim a fulfilment of it. Such a promise is an original one, founded on a consideration moving between the parties, and is like the case of A saying to B, pay C so much money, and I will repay it. Regarding such a promise as an original undertaking, it is wholly immaterial whether it be in writing or by parol; the statute of frauds does not apply to original, but to collateral undertakings, Whether the promise *354 be written or verbal, it is binding only as an original undertaking ; and I apprehend it should be declared on' as such, and not as an acceptance. I have found no case in which it has been decided that a parol promise, founded on no new consideration, has been held either an- acceptance or a binding promise to accept. In the case under consideration, the debt was already due. The plain tff did not trust his debtor, Sessions, on the faith of any promise made by the defendant to accept a draft. None of the witnesses say that Strohecker gave any credit to Sessions, or trusted him with his lumber, on the faith of Cohen’s promise to accept the bill. If the plaintiff, on'the faith of the defendant’s promise to accept, had delivered his lumber to Sessions, then there might be, as was said by Judge Story, in the case of Townly vs. Sumral, “anew and binding promise, founded on an original consideration,” passing from Cohen to him, and not a mere guaranty of an existing debt, due by Sessions to the plaintiff
The motion is dismissed.
O’Neall,' Butler, and Wardlaw, JJ., concuri’ed.
Richardson, J.
The question is, does a promise, made in words, and not in writing, to accept a bill of exchange, constitute a binding obligation. As a question of law, we have no express decision; but we "have decisions enough, that actual ácceptance, in words only, is binding. The principle of law" is, therefore, that acceptance need not be in writing. We have also this decision, that a promise to accept a future bill in writing, is binding. The principle is, that a promise so made tó accept, is binding. And why is not a verbal promise to accept, as Well as a verbal acceptance^ put on the same principle ¶ As a proposition of law, I can perceive no distinction. Either both or neither is ex-, eluded by the statute of frauds; - and the moment we have decided that the verbal acceptance is binding, and that a promise to accept, although the case was of a written ex-, e'cutóryjiromise, we have decided, that from the principle established, of a verbal acceptance being good, a verbal promise to accept must also be good, and a consequence of that principle.
*355 Decisions of past cases establish principles that are inseparable from their proper consequences. The old case in 1 Bay, p. 319, decided that the vendor of “ that valuable species of property,” (negroes) for a full price, impliedly warranted the physical soundness of the negro sold. But the principle of the same implied warranty followed for every species of goods and chattels, and a new doctrine was introduced. During this court, we have decided, that a special demurrer, for a want of a bill of particulars, is good; and yet the bill of particulars is no part of the declaration demurred to. But, as we find, the early case of Smyth vs. Lehre, 2 Con. Rep. 240, was stricken off the docket, for want of a bill of particulars. That decision implies that the bill of particulars was adopted as an essential part of the declaration; and as we further find, evidently in pursuance of that decision, and naturally from it, .some judicial dicta, that to “ quash the proceedings, or to demur,” for want of such particulars, is the remedy, we adopt it as the regular consequence of the first decision, and uphold the pleader who adopted it, as the orthodox course from the first judicial text, in Smyth vs. Lehre.
I follow the same parity and the equality of reasoning, in the case now before us, to wit: a verbal acceptance being good, and a written promise to accept also good, then a verbal promise to accept a bill of exchange, cannot be null and void in law, as supposed in the charge of the Judge, unless we introduce an entirely different principle, i. e. the provisions of the statute against frauds and perjuries. But after ruling the statute inapplicable to verbal acceptances, how can. we apply it as forming the law of verbal promises to. accept 1